UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ASPLUNDH TREE EXPERT, LLC                                                         PLAINTIFF

v.                                   CASE NO. 2:18-cv-02202-PKH

UTAH SHERMAN VILLINES;
JUSTIN JAMES VILLINES;
JASON BO VILLINES;
SHERMAN VILLINES; and
LESTER D. DAVIDSON                                                                DEFENDANTS

# **ORDER**

Before the Court is a joint motion (Doc. 33) for partial dismissal and entry of order and judgment filed by all parties. Pursuant to the agreement of Asplundh Tree Expert, LLC ("Asplundh") and Separate Defendants Utah Sherman Villines, Justin James Villines, Jason Bo Villines, Sherman Villines (collectively, "the Villines Defendants"), and Lester D. Davidson, the Court GRANTS the joint motion and hereby FINDS and ORDERS as follows:

1. Pursuant to Rule 41(a)(2), on the agreement of the parties, Asplundh's claims against Defendant Lester D. Davidson are dismissed without prejudice.

2. That Asplundh specializes in tree pruning and vegetation management in work it performs throughout the United States, including Arkansas.

3. That Asplundh is a Pennsylvania limited liability company authorized to conduct business in Arkansas.

4. That Asplundh's members consist of the following entities, none of which is a citizen of Arkansas:

  a.  Asplundh Holdco, Inc., a Pennsylvania corporation having its principal place of business in Pennsylvania;

  b.  CGLA, Inc., a Delaware corporation having its principal place of business in Delaware; and

  c.  Gorilla Investor, LLC, a Delaware limited liability company, the sole member of which is Gorilla Holdco, Inc., a Delaware corporation having its principal place of business in Delaware.

5.  That Utah Sherman Villines, having a date of birth of 08-xx-1964 and Social Security Number 430-37-xxxx, is a citizen of Arkansas residing in the Western District of Arkansas.

6.  That Justin James Villines, having a date of birth of 02-xx-1974 and Social Security Number 430-37-xxxx, is a citizen of Arkansas residing in the Western District of Arkansas. Justin Villines is the brother of Utah Villines and Jason Villines.

7.  That Jason Bo Villines, having a date of birth of 10-xx-1981 and Social Security Number 429-49-xxxx, is a citizen of Arkansas residing in the Western District of Arkansas. Jason Villines is the brother of Utah Villines and Justin Villines.

8.  That Sherman Villines, having a date of birth of 11-xx-1936 and Social Security Number 331-32-xxxx, is a citizen of Arkansas residing in the Western District of Arkansas. Sherman Villines is the father of Utah Villines, Justin Villines, and Jason Villines.

9.  That this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 as the parties are diverse and the matter in controversy exceeds $75,000.00.

10.  That venue is proper in this judicial district as a substantial part of the events or omissions giving rise to Asplundh's claims occurred here.

11. That until his termination by Asplundh in December of 2018, and at all times relevant to this action, Utah Villines worked as Asplundh's region manager from Asplundh's office located in the Western District of Arkansas. As region manager, Utah Villines was responsible for all aspects of Asplundh's day-to-day business activities conducted in the State of Arkansas, including, among other things, maintaining accurate computerized work records of those individuals employed by Asplundh in Arkansas for, among other purposes, preparation of payroll for such Asplundh employees.

12. That until his termination by Asplundh in December of 2018, and at all times relevant to this action, Justin Villines worked as a field supervisor for the company from Asplundh's office located in the Western District of Arkansas. As a field supervisor, Justin Villines was charged with, among other things, assisting Utah Villines in maintaining accurate computerized work records of those individuals employed by Asplundh in Arkansas for, among other purposes, preparation of payroll for such Asplundh employees.

13. That until his termination by Asplundh in December of 2018, and at all times relevant to this action, Jason Villines worked as a general foreperson for the company from Asplundh's office located in the Western District of Arkansas. As a general foreperson, Jason Villines was charged with, among other things, assisting Utah Villines in maintaining accurate computerized work records of those individuals employed by Asplundh in Arkansas for, among other purposes, preparation of payroll for such Asplundh employees.

14. That Asplundh's Complaint asserts multiple causes of action against the Villines Defendants.

15. That the Villines Defendants do not contest that the factual allegations made

against them in Asplundh's Complaint could be proven by a preponderance of the evidence and, as such, the Villines Defendants do not contest that Asplundh is entitled to the relief it seeks against them in its Complaint.

16. That the Villines Defendants and Asplundh agree and request for this Court to enter a Judgment in this action that recites that (i) it is intended by the parties to be and shall be conclusive of any issues between them in this action, as well as any subsequent civil legal proceeding, (ii) it is intended by the parties to and shall foreclose, in any subsequent civil legal proceeding, the re-litigation of the facts alleged and legal claims asserted against the Villines Defendants by Asplundh in its Complaint, all of which shall be taken as true and correct without further proof, and (iii) the obligation imposed upon the Villines Defendants in favor of Asplundh and created by said Judgment shall not be dischargeable in any subsequent bankruptcy proceeding.[1]

17. That the Villines Defendants and Asplundh agree and request for this Court to enter a Judgment in this action in the amount of $685,000.00 against Separate Defendants Utah Sherman Villines, Justin James Villines, Jason Bo Villines and Sherman Villines, jointly and severally, with said judgment to bear post-judgment interest at a rate in accordance with the 28 U.S.C. § 1961.

18. That Asplundh and the Defendants shall bear their own costs, expenses and

---

[1] The Court will enter judgment. Preclusive effect of that judgment and whether the debt created by it is nondischargeable in bankruptcy are not matters the Court can resolve today. Any judgment entered by a court, while a final resolution of the pending matter, can have only that effect the law gives it, and that determination will be made by acquiescence of the parties or by a court exercising jurisdiction over any case or controversy arising out of any later dispute.

attorneys' fees in connection with the claims resolved by this Order and its resulting Judgment.

IT IS SO ORDERED this 27th day of February, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE